**IT IS ORDERED as set forth below:**



**Date: December 20, 2018**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **IN THE MATTER OF:** : | |
| : | CASE NO. 15-54748 |
| FRED MILANI, : | |
| : | CHAPTER 7 |
| Debtor : | |
| : | |
| FRED MILANI, : | |
| : | |
| Movant, : | |
| : | |
| v. : | CONTESTED MATTER |
| : | |
| FXM, P.C., and FRANCIS X. MOORE, : | |
| : | |
| Respondents. : | |

## **ORDER**

Before the Court is Debtor Fred Milani's Motion for Summary Judgment (the "SJ Motion"). (Doc. 79). This contested matter was initiated by Debtor on January

3, 2018, to determine whether Respondent Francis X. Moore and his law firm, Frank X. Moore Law, ("Respondent"[1]) violated the discharge injunction set forth in 11 U.S.C. § 524. (Doc. 46). Debtor alleges that Respondent filed a complaint in the Superior Court of Dekalb County, Georgia ("the State Action") to hold Debtor personally liable for claims that arose before his Chapter 7 discharge, which was granted by this Court on July 8, 2015.

The SJ Motion was filed on August 13, 2018, and to this date, Respondent has failed to file a response. When Respondent failed to file a response within twenty-one days after being served the SJ Motion, Debtor filed the affidavit of his attorney, Benjamin S. Klehr (the "Affidavit"). (Klehr Aff., Doc. 80). Mr. Klehr testified that Respondent failed to file a response within the time provided by BLR 7007-1, thereby indicating that the motion was unopposed and for that reason, the SJ Motion should be granted. (*Id.*, ¶¶ 12-15). Instead of responding to the SJ Motion, Respondent filed a Motion to Strike Mr. Klehr's affidavit. (Doc. 81). In the Motion to Strike, Respondent insists that he had no duty to respond to the SJ Motion within the time provided by BLR 7007-1(c) because that rule is not applicable to contested matters unless the Court orders otherwise.

---

[1] Because Mr. Moore appears to be the sole proprietor of Frank X. Moore Law, the Court will refer to them as a single Respondent.

2

Respondent is correct; BLR 7007-1(c) does not apply to contested matters. *See* FED. R. BANKR. P. 9014(c) (excluding Rule 7007 from the list of adversary rules that apply to contested matters). Accordingly, Respondent was under no obligation to respond to the SJ Motion within twenty-one days.

Therefore, Respondent's Motion to Strike (Doc. 81) is **GRANTED.** However, to encourage a timely resolution of this dispute on the merits, the Court now directs otherwise under Rule 9014(a);

**IT IS HEREBY ORDERED** that, if Respondent chooses to file a response to the SJ Motion, the response must be filed within twenty-one (21) days after entry of this Order;

**IT IS FURTHER ORDERED** that, if Debtor chooses to reply, a reply shall be filed within fourteen (14) days thereafter.

**[END OF DOCUMENT]**

**DISTRIBUTION LIST**:

Francis X. Moore
Frank X. Moore Law
730 E 2d Street, Suite 106
Blue Ridge, GA 30513

Anna M. Humnicky, Esq.
Benjamin S. Klehr, Esq.
Small Herrin, LLC
Two Paces West, Suite 200
2727 Paces Ferry Road
Atlanta, Georgia 30339

Office of the United States Trustee
362 Richard Russell Building
75 Spring Street, SW
Atlanta, Georgia 30303

M. Denise Dotson, Chapter 7 Trustee
M. Denise Dotson, LLC
PO Box 435
Avondale Estates, GA 30002