UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **In Re:** | ) | **CASE NO. 15-54748** |
| | ) | |
| **FRED MILANI,** | ) | **CHAPTER 7** |
| | ) | |
| Debtor. | ) | **JUDGE LISA RITCHEY CRAIG** |

| | | |
|---|---|---|
| **FRED MILANI,** | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | **CONTESTED MATTER** |
| | ) | **MOTION FOR CONTEMPT** |
| **FXM, P.C. D/B/A FRANK X. MOORE** | ) | **DISCHARGE VIOLATION** |
| **LAW and FRANCIS X. MOORE,** | ) | |
| Respondents. | ) | |

## RESPONDENTS' PRELIMINARY RESPONSE TO DEBTOR'S MOTION FOR SUMMARY JUDGMENT

Prior to this filing, Respondents FXM, P.C. d/b/a Frank X. Moore Law ("FXM") and Francis X. Moore ("Moore" who, together with FXM, are collectively referred to herein as the "Respondents") filed a motion [Dkt#94] in reliance on Federal Rule of Civil Procedure 56(d) made applicable to these contested matter proceedings by Federal Rules of Bankruptcy Procedure 9014 and 7056 requesting that the Court: **(a)** defer considering Debtor's Motion for Summary Judgment [Dkt#79] or deny it; **(b)** allow time to obtain affidavits or declarations or to take and complete discovery; and/or **(c)** issue any other appropriate order. Out of an excess of caution, Respondents file this preliminary response to the Debtor's Motion for Summary Judgment.

## I. INTRODUCTION

### A. Summary Judgment Standard[1]

In accordance with Federal Rule of Civil Procedure 56 (applicable to bankruptcy proceedings under Rule 7056 of the Federal Rules of Bankruptcy Procedure), the Court will grant summary judgment only if "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); see also *Hairston v. Gainesville Sun Publ'shg Co.*, 9 F.3d 913, 918-19 (11th Cir. 1993). A fact is material if it might affect the outcome of a proceeding under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A dispute of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. The moving party has the burden of establishing the right of summary judgment. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Clark v. Union Mut. Life Ins. Co.*, 692 F2d 1370, 1372 (11th Cir. 1982).

To determine whether a genuine issue of material fact exists, the Court must view the evidence in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Rosen v. Biscayne Yacht & Country Club, Inc.*, 766 F.2d 482, 484 (11th Cir. 1985). The moving party must identify those evidentiary materials listed in Rule 56(c) that establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986); see also FED. R. CIV. P. 56(e).

---

[1] Given that this very Court recently entered an order on a motion for summary judgment filed in a case involving an allegation of a violation of the discharge injunction, Respondents admit that they have simply included verbatim (or virtually verbatim) portions of the decision in *Daniels v Howe Law Firm, P.C.*, (In re Daniels)(Bankr. N.D.Ga. September 28, 2018 Bankruptcy Case No. 09-65367-**LRC**, Adversary Proceeding Case No. 15-5296) setting forth the standard for summary judgment and for establishing a violation of the discharge injunction.

## B. Proving Violations of the Discharge Injunction

"Section 524 of the bankruptcy code provides the debtor with a post-discharge injunction against collection of debts discharged in bankruptcy," -a "barrier that prevents creditors from reaching the debtors' wages, property or assets." *In re Hardy*, 97 F.3d 1384, 1388-89 (11th Cir. 1996) (quoting § 524(a)(2), which states that the discharge "[o]perates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived"). Section 105(a) of the Bankruptcy Code "grants statutory contempt powers in the bankruptcy context," which permit bankruptcy courts to award "monetary and other forms of relief" for violations of the discharge injunction. Id.; see also *In re Hardy*, 97 F.3d 1384, 1389-90 (11th Cir. 1996). Under § 105(a), the Court may award "civil contempt sanctions" that are intended to "compensate the complainant for losses and expenses it incurred because of the contemptuous act" or to "coerce the contemnor into complying with the court order." *Jove Eng'g, Inc. v. I.R.S.*, 92 F.3d 1539, 1557 (11th Cir. 1996); see also *In re Henriquez*, 536 B.R. 341, 345 (Bankr. N.D. Ga. 2015) (Sacca, J.); *In re Haemmerle*, 529 B.R. 17, 26 (Bankr. E.D.N.Y. 2015) ("Sanctions for civil contempt may be imposed both to 'coerce future compliance' with a court order issued for another party's benefit and to 'compensate for any harm that previously resulted" from the noncompliance.'").

"A willful violation occurs when the defendant: (1) knew that the discharge injunction was in place, and (2) intended the action that violated the discharge injunction." *Henriquez*, 536 B.R. at 345; see also *In re Mele*, 486 B.R. 546, 555 (Bankr. N.D. Ga. 2013). **"The plaintiff has the burden of proving by clear and convincing evidence that the discharge injunction was violated."** *Henriquez*, 536 B.R. at 345 (bold emphasis added). "A creditor's subjective belief or intent is

irrelevant," such that a showing that the creditor received notice of a debtor's discharge "is sufficient to establish the knowledge element of the Eleventh Circuit's two-part test." *In re Beback*, 2013 WL 5156706, at *2 (Bankr. M.D. Fla. Sept. 12, 2013).

A party seeking summary judgment cannot show "that he is entitled to judgment as a matter of law" without establishing "by record evidence that there are no genuine disputes of material fact and that he is entitled to judgment as a matter of law." *In re Russo*, 494 B.R. 562, 566 (Bankr. M.D. Fla. 2013). "Because an affirmative defense can preclude judgment from being entered in [Plaintiff's] favor, part of [Plaintiff's] burden as the [moving] party is to establish that [Defendant's] affirmative defenses are invalid or legally insufficient." Id. (citing *In re Camtech Precision Mfg., Inc.*, 471 B.R. 293 (S.D. Fla. 2012) ("As the moving party, in order for the Committee to prevail on summary judgment, it must come forward with evidence to defeat or overcome Regions' affirmative defense. See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991)."); see also *In re Int'l Mgmt. Assocs., LLC*, 2016 WL 552491, at *11 (Bankr. N.D. Ga. Feb. 10, 2016) (Bonapfel, J.) ("The Trustee seeks summary judgment that Crown cannot prevail on its affirmative defense that it took the transfer for value and in good faith. Although Crown carries the burden of establishing an affirmative defense, because the Trustee is the party moving for summary judgment he must establish that there is no genuine dispute as to any fact such that Crown cannot prevail. For summary judgment purposes, it is the Trustee who must establish that Crown did not take the transfer for value and in good faith."); *In re Express Factors, Inc.*, 2005 WL 6486099, at *5 (Bankr. N.D. Ga. Sept. 30, 2005) (Diehl, J.) ("With respect to Plaintiff's Motion for Summary Judgment, the burden is on Plaintiff to show that the undisputed facts in the record preclude the ordinary course of business defense as to the transfers between Debtor and Defendant.")

## II. The Facts of This Case - As Presently Known Without the Benefit of Discovery

### A. The 2017 DeKalb Lawsuit

When FXM filed its Complaint, Respondents knew full well that Debtor had filed bankruptcy and obtained a discharge. Indeed these facts were alleged in the complaint. And, in paragraph 200 of the Complaint filed in the 2017 DeKalb Lawsuit, FXM stated: "[FXM] has named Milani as a defendant solely for the purpose of recovering damages and obtaining relief for Milani's conduct, transactions or occurrences after March 12, 2015 or for **any conspiracy that he joined in, continued, or ratified on and after March 12, 2015 to the fullest extent permitted under applicable bankruptcy and Georgia law.**" [Dkt#55-1, p47, ¶200]. This paragraph, or something very similar, was included in each count of the original complaint in which FXM sought damages from Milani. In addition, in its "First Amended & Restated Complaint" filed in the 2017 DeKalb Lawsuit on January 4, 2018 [Dkt#55-2, pp1-84] ("Restated Complaint"), FXM essentially repeated the allegations in the original Complaint, but relative to Milani's bankruptcy, added the following paragraph:

> Based on the law applicable to Chapter 7 discharges, the FXM Law Firm believes in good faith that the discharge was effective to bar any action to collect from Mr. Milani, personally, but did not discharge or avoid the Attorney Lien, did not discharge any debt owing to the FXM Law Firm by MHB Homes or Portofino, and did not bar any rights the FXM Law Firm has to seek an *in rem* recovery of any debt by asserting any lien rights it had or perfected prior to Mr. Milani's bankruptcy. Regardless of whether this is a correct statement of the law, **it is the FXM Law Firm's intent in filing this lawsuit to not violate Mr. Milani's personal bankruptcy discharge.**

[Dkt#55-2, p51, ¶199-A].

Even after Milani and his alter ego companies defaulted in the 2017 DeKalb Lawsuit, FXM sought a default judgment that recognized and expressly excluded any relief that would violate Milani's discharge by including the following language in the proposed judgment:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Mr. Milani, MHB Homes, and Portofino have all admitted the facts set forth in the requests for admission filed in this case on October 2, 2017 and served on them with the summons and complaint. **The judgment against Mr. Milani shall not be for the purpose of collecting any debt owing by Mr. Milani to Plaintiff which was discharged in Mr. Milani's third personal Chapter 7 (liquidation) bankruptcy case filed on March 12, 2015 in Atlanta which came to be assigned Case No. 15-54748-MHM, but is for any and all liability for which Mr. Milani is liable based on his actions following March 12, 2015 to the fullest extent permitted under applicable bankruptcy law without violating Mr. Milani's discharge in said bankruptcy case.**

See **Exhibit A** attached hereto. In short, Respondents - at every opportunity - made it clear that FXM was not seeking to collect any debt or obligation owed by Milani which was discharged in his personal bankruptcy case. Instead, Respondents believed in September 2017 and have established, even in the absence of any co-operation by Debtor in discovery, that Milani engaged in acts after March 12, 2015 that were designed to further the conspiracy he started in October 2013. In other words, the debt of Milani the pre-petition conspirator was discharged, but the debt of the post-petition Milani was not. Post-petition Milani rejoined the conspiracy and thereby made himself liable for all acts he took after March 12, 2015 to further that conspiracy.

## B. Milani's Arguments that Claims in the 2017 DeKalb Lawsuit Violate his Discharge

In his pleadings re-opening this case and seeking to hold Respondents in contempt, Debtor contends that the filing of the 2017 DeKalb Lawsuit was a violation of his discharge and, therefore, void *ab initio*. Based on this contention, Debtor and several of his alter-ego entities decided they had no duty whatsoever to timely file any answers or otherwise appear and, on the presumption that they

were right that the 2017 DeKalb Lawsuit was void, they all purposely and intentionally went into default and refused to respond to the written discovery served on them with the lawsuit. To protect himself from the 2017 DeKalb Lawsuit (i.e. actually to oust the jurisdiction of the DeKalb Superior Court), to buy time, and to distract and exhaust Respondents, Debtor successfully moved *ex parte* to re-open this case, filed a motion to hold Respondents in contempt for alleged violations of his discharge injunction, and paid $50,000 to hire Balch & Bingham[2] which sought and obtained a protective order preventing any discovery from Debtor until after this Court has ruled on Debtor's motion for contempt.

According to Milani, caveats like the one appearing in each count seeking damages in the complaint filed in 2017 in DeKalb Superior Court[3] were mere boiler plate language that hid FXM's true intent to seek to recover on a debt that was discharged in this case. Milani has expressed this argument by making the following allegations regarding FXM's complaint: **(a)** it is "based upon actions that primarily took place between on (sic) 2008 and 2014 [i.e. pre-bankruptcy];" **(b)** "the complaint fails to allege any specific actions by Debtor on or after March 12, 2015;" **(c)** "there are no facts set forth in the Complaint about Milani's alleged post-petition acts to 'participate, ratify, and gain the benefit of' the alleged pre-petition conspiracy;" and **(d)** "[t]he reason is that there were no such post-petition acts committed by Milani." Even without the evidence that he has failed to

---

[2] According to his schedules and statements and his deposition testimony, Milani made only $50,000 in income for each of the years 2014 through 2017. See citations in Dkt#86, p56.

[3] For example, in paragraph 200 of the Complaint filed in the 2017 DeKalb Lawsuit, FXM stated: "[FXM] has named Milani as a defendant solely for the purpose of recovering damages and obtaining relief for Milani's conduct, transactions or occurrences after March 12, 2015 or for **any conspiracy that he joined in, continued, or ratified on and after March 12, 2015 to the fullest extent permitted under applicable bankruptcy and Georgia law.**" [Dkt#55-1, p47, ¶200].

produce, there is enough evidence and admissions in the record to establish that there are, indeed and at the very least, genuine issues of material fact as to whether, after March 12, 2015, Milani participated in or rejoined a conspiracy involving the 222 Acres and the Lake Lanier Project. These facts, alone, preclude summary judgment.

### C. Respondents' Defenses to Motion for Contempt - Generally

Respondents deny that they violated Milani's discharge injunction. They also deny that the Complaint only includes acts taken by Milani prior to the filing of this bankruptcy case, and point to numerous allegations that - at the very least - generally recite Milani's continued participation in and rejoining of the conspiracy after March 12, 2015. Of course the most poignant post-bankruptcy act by Milani as alleged in the complaint is his present day control or ownership of the 222 Acres. Indeed, Debtor has made numerous *in judicio* admissions as to his current ownership or control of the 222 Acres - not because he cheated FXM (he alleges) - but only because he acquired them after filing bankruptcy. Here, the record is replete with admissions by Debtor that, in and of themselves, are fatal to his Motion for Summary Judgment.

### D. Milani Admits That the Lake Lanier Property is his "After Acquired Property"

On December 18, 2017, the Milani Defendants filed in the 2017 DeKalb Lawsuit that certain "Defendants Fred Milani, MHB Homes, LLC, Portofino at Lake Lanier, LLC, and Hadi Homes, Inc.'s Motion to Open Default and Brief in Support" (the "Motion to Open Defaults"), a true and correct copy of which is was attached to FXM's Request for Status Conference [Dkt#47, pp18-52]. Relying on the Milani Discharge Order, the Milani Parties contended in their Motion to Open Defaults (bold emphasis added):

> A defendant meets the requirement of setting forth a meritorious defense by showing that if relief from default is granted, "the outcome of the suit may be different from the result if the default stands." *Exxon Corp. v. Thomason*, 269 Ga. 761, 504 S.E.2d 676, 677 (1998). **Here,**

> **Defendants have pled Milani's Chapter 7 discharge bars Plaintiff's claims.** See Answer at Affirmative Defenses 2-5, 7. **Milani has been discharged of personal liability on Plaintiff's claims. See Ex. A. Therefore, Plaintiff cannot recover against Milani.** See 11 U.S.C. § 524(a).
>
> **This is also true even if Milani subsequently acquired the assets of the administratively-dissolved MHB Homes and Portofino LLCs, as such property constitutes after-acquired property shielded from prepetition debts under the Chapter 7 discharge.** *See Fonesca*, 542 B.R. 628, 638 (1st Cir. BAP 2015). Plaintiff failed to object to any transfers or discharges in the bankruptcy Court. Therefore, Plaintiff is estopped from asserting those claims now, and Plaintiffs doing so violates the permanent injunction entered with the Chapter 7 discharge.
>
> Hadi Homes establishes the meritorious defense that Plaintiff has failed to state a claim against it upon which relief can be granted. Specifically, Plaintiff seeks to satisfy its lien against Milani through assets of Hadi Homes.

[Dkt#47, p22].

> In that same motion to open default, Milani stated (bold and underline emphasis added):
>
> Defendant Milani obtained a Chapter 7 discharge July 08, 2015. See July 08,. 2015 Discharge of Debtor, attached hereto as Exhibit A. Plaintiff seeks entry of default judgment establishing liability for pre-petition debts and transfers. Plaintiff's claim was scheduled in Defendant Milani's Chapter 7 bankruptcy. See Amended Schedule D, attached hereto as Exhibit B, at 1. According to the Amended Schedule, the debt forming the basis of Plaintiff's claim - namely, an O.C.G.A. § 9-15-14 lien for attorney's fee - was incurred on October 10, 2013. See id. **Plaintiff failed to object to any of the now-complained-of transfers in the time outlined by the bankruptcy court.** Plaintiff also failed to object to the discharge within the time outlined by the bankruptcy court. See Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines attached hereto as Exhibit C. **Plaintiff now seeks to establish personal liability of Defendant Milani and <u>proceed after his after-acquired property consisting of the assets of the now-defunct MHB Homes and Portofino LLCs</u>, which were both administratively dissolved on December 7, 2016, and reverse-pierce the corporate veil of an unrelated entity, Had (sic) Homes, Inc., to recover corporate assets for the alleged personal liability of Milani.** Plaintiff's actions violate the permanent injunction established by the Chapter 7 discharge and are contrary to Georgia law.

[Dkt#47, pp19-20]

On December 20, 2017, FXM filed in the 2017 DeKalb Lawsuit that certain Plaintiff's First Notice to Take the Deposition of Defendant Fred Milani for Limited Purposes (the "December 2017 Deposition Notice") in which FXM sought to take Milani's deposition on January 5, 2018 "for the limited purpose of discovery in relation to [the Motion to Open Defaults]." On January 2, 2018, Milani filed in the 2017 DeKalb Lawsuit a motion seeking a protective order that "neither the deposition of Defendant Milani noticed for January 5, 2018 nor any other deposition of Defendant Milani shall be taken at any time or for any purpose without prior leave of Court and modification of this Order" and stating (with bold and underline emphasis added):

> **Plaintiff's suit simply presents another legal question: Whether Plaintiff, a creditor whose claims admittedly accrued on October 10, 2013, whose claims were scheduled in the bankruptcy, and who failed to object to any transfers during the bankruptcy or object to the discharge may now maintain an action to hold Milani personally liable for this prepetition debt.** The answer is clearly: No. *See In re Meadows*, 428 B.R. 894, 911 (Bankr. N.D. Ga. 2010).
>
> **Plaintiff similarly may not hold Milani personally liable for prepetition debts or use Milani's after-acquired property, if any, to satisfy Plaintiff's lien.** "'[A] lien cannot be created in the absence of an underlying obligation.' Because the affixing of a creditor's lien against a debtor's property is based upon the existence of a debt as the personal liability of the debtor, **once the personal liability is extinguished, the lien 'does not survive the discharge, does not affix [to] and cannot affect the after acquired property.'"** *In re Yawn*, 2015 WL 4939962 at *1 (quoting *In re Marshall*, 204 Bankr. 838, 840 (Bankr. S.D. Ga. 1997)) (alteration in original). **Therefore, Plaintiff has no need to depose Milani regarding the distribution of assets from the now-defunct LLCs, which were dissolved over three years after Plaintiff's claim for fees accrued. To the extent Plaintiff's suit seeks to foreclose on this property now belonging to Milani, Plaintiff has violated the discharge injunction**. See id. (quoting Jarrett v. Ohio Dept. Of Taxation (In re Jarrett), 293 B.R. 127, 132 (Bankr. N.E. Ohio 2002)) ("[When a creditor seeks to renew a prepetition lien so as to bring within the lien's scope property acquired by a debtor postpetition (a.k.a. after acquired property), courts uniformly find that a violation of the discharge injunction of §524 has occurred.")(alterations in original).
>
> **The fact Plaintiff manufactured new allegations related to alleged fraud and conspiracy after March 12, 2015 in Paragraph 222 of Plaintiff's Complaint**

> **changes nothing**. To avoid the preclusion of the discharge, Plaintiff baldly alleges Milani participated in certain postpetition transfers in March 2015 which harmed Plaintiff. Plaintiff's allegation defies reason.

[Dkt#47, pp55-56]. Milani's *in judicio* admissions in the 2017 DeKalb Lawsuit and here, provide ample evidence that Milani does, indeed, either directly, indirectly, legally or beneficially, own the Lake Lanier Property. But FXM has no intention of relying solely on such admissions because that is not going to be the only evidence supporting FXM's allegations that, after March 12, 2015, Milani re-joined the conspiracy that he had master minded prior to his bankruptcy filing to cheat FXM out of the Earned Fee.

### III. CONCLUSION

As demonstrated in this preliminary response to Debtor's Motion for Summary Judgment, Debtor has not met its heavy burden of proving <u>by clear and convincing evidence</u> that Respondents violated his discharge injunction. Debtor's entire motion is premised on his false representation that FXM failed to allege or prove that Milani committed any acts after March 12, 2015 that would establish that he did, indeed, rejoin the conspiracy he started pre-petition to cheat FXM. As to whether FXM alleged post-petition acts by Milani in furtherance of a conspiracy, Debtor is simply turning a blind eye to the ample allegations and now proof that Milani did, in fact, engage in acts after March 12, 2015 that were designed to and have furthered the conspiracy to cheat FXM out of its Earned Fee and to prevent the enforcement of its lien against the Lake Lanier Property. And, when Respondents finally obtain the information and documents they have requested from Debtor in discovery and when other discovery that has been on hold pending Milani's compliance is completed, Respondents will be in a position to file a cross motion for summary judgment and obtain an order establishing that, as a matter of law, Respondents have not violated the 2017 Discharge Injunction.

Respectfully submitted, this 11th day of January 2019.

                                       **FRANK X. MOORE LAW**
                                       */s/ Francis X. Moore*
                                       Francis X. Moore
                                       Georgia Bar No. 519120

730 E 2d Street, Suite 106
Blue Ridge, Georgia 30513             Counsel for Respondents, FXM, P.C. d/b/a
706-851-7946                               Frank X. Moore Law and Francis X. Moore
fmoore@fxm-law.com

FILED 12/12/2017 7:48 AM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| FXM, P.C. d/b/a FRANK X. MOORE LAW,<br>    Plaintiff,<br><br>v.<br><br>FRED MILANI, MHB HOMES, LLC, PORTOFINO AT LAKE LANIER, LLC, HADI HOMES, INC., PNC BANK, N.A., RBC REAL ESTATE FINANCE, INC., GUARANTY CAPITAL GROUP, LLC, WILLIAM C. ABRAHAM, DIAMOND ISLAND, LLC, XIANGTONG LU, YUELING LU, XIAO RUIPING, and JOHN DOE-1 through JOHN DOE-10,<br>    Defendants. | CIVIL ACTION FILE<br>NO.: 17CV10275-7 |

## PLAINTIFF'S AMENDED MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS FRED MILANI, MHB HOMES, LLC, PORTOFINO AT LAKE LANIER, LLC and HADI HOMES, LLC

Plaintiff FXM, P.C., d/b/a Frank X. Moore Law ("Plaintiff") files this amended motion for default judgment pursuant to O.C.G.A. § 9-11-55(a) and Uniform Superior Court Rule 15 seeking the entry of a default judgment against Defendants Fred Milani ("Mr. Milani"), MHB Homes, LLC ("MHB Homes"), Portofino at Lake Lanier, LLC ("Portofino"), and Hadi Homes, LLC ("Hadi Homes" which, together with Mr. Milani, MHB Homes, Portofino are collectively referred to as the "Milani Defendants") for the purpose of amending the Proposed Default Judgment to be in the form attached hereto as **Exhibit A** which reflects the granting of Plaintiff's request for a protective order as prayed for in Count 8 of the Complaint - relief which does not require a trial.

WHEREFORE, Plaintiff respectfully requests that the Court enter a Judgment in the form attached hereto as **Exhibit A** thereby rendering a judgment by default against the Milani Defendants as if every item and paragraph of the complaint were supported by proper evidence, without the intervention of a jury with the actual damages to be determined by any necessary further proceedings



Page 1 of 3

GPY

and concluding that Mr. Milani, MHB Homes, and Portofino have all admitted the facts set forth in the requests for admission served on them with the summons and complaint.

This 12th day of December, 2017.

**FRANK X. MOORE LAW**

_____
Francis X. Moore
Georgia Bar No. 519120

730 E 2d Street, Suite 106
Blue Ridge, Georgia 30513
(706) 851-7946
fmoore@fxm-law.com           Attorney for the Plaintiff

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| FXM, P.C. d/b/a FRANK X. MOORE LAW,<br>    Plaintiff,<br><br>v.<br><br>FRED MILANI, MHB HOMES, LLC, PORTOFINO AT LAKE LANIER, LLC, HADI HOMES, INC., PNC BANK, N.A., RBC REAL ESTATE FINANCE, INC., GUARANTY CAPITAL GROUP, LLC, WILLIAM C. ABRAHAM, DIAMOND ISLAND, LLC, XIANGTONG LU, YUELING LU, XIAO RUIPING, and JOHN DOE-1 through JOHN DOE-10,<br>    Defendants. | CIVIL ACTION FILE<br>NO.: 17CV10275-7 |

## DEFAULT JUDGMENT AGAINST DEFENDANTS FRED MILANI, MHB HOMES, LLC, PORTOFINO AT LAKE LANIER, LLC and HADI HOMES, LLC

Plaintiff FXM, P.C., d/b/a Frank X. Moore Law ("Plaintiff") having filed its motion for default judgment pursuant to O.C.G.A. § 9-11-55(a), Uniform Superior Court Rule 15, and O.C.G.A. § 9-11-36(a)(2) in which it seeks the entry of a default judgment against Defendants Fred Milani ("Mr. Milani"), MHB Homes, LLC ("MHB Homes"), Portofino at Lake Lanier, LLC ("Portofino"), and Hadi Homes, LLC ("Hadi Homes" which, together with Mr. Milani, MHB Homes, Portofino are collectively referred to as the "Milani Defendants") and a finding that the requests for admissions served separately with a summons and a copy of the Complaint on Defendants Mr. Milani, MHB Homes and Portofino are admitted, and the Court, as authorized by O.C.G.A. § 9-11-55(a), Uniform Superior Court Rule 15, and O.C.G.A. § 9-11-36(a)(2) does hereby GRANT Plaintiff's motion and enters this Default Judgment against Defendants Fred Milani, MHB Homes, LLC, Portofino at Lake Lanier, LLC, and Hadi Homes, LLC as if every item and paragraph of the Complaint filed in this



EXHIBIT A

FXM, P.C. d/b/a Frank X. Moore Law v Fred Milani et al.
Superior Court of Dekalb County, Georgia Case No. 17CV10275-7
Default Judgment Against Milani Defendants

Page 1 of 3

case on September 28, 2017 were supported by proper evidence with the actual damages to be determined by any necessary further proceedings.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Mr. Milani, MHB Homes, and Portofino have all admitted the facts set forth in the requests for admission filed in this case on October 2, 2017 and served on them with the summons and complaint. The judgment against Mr. Milani shall not be for the purpose of collecting any debt owing by Mr. Milani to Plaintiff which was discharged in Mr. Milani's third personal Chapter 7 (liquidation) bankruptcy case filed on March 12, 2015 in Atlanta which came to be assigned Case No. 15-54748-MHM, but is for any and all liability for which Mr. Milani is liable based on his actions following March 12, 2015 to the fullest extent permitted under applicable bankruptcy law without violating Mr. Milani's discharge in said bankruptcy case.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defendants Fred Milani, MHB Homes, LLC, and Portofino at Lake Lanier, LLC together with their officers, members, contractors, agents, attorney's, representatives, and anyone acting on their behalf shall be and hereby are enjoined and restrained from: **(a)** doing, or attempting to do, or threatening to do, any act of injury, maltreating, molesting, following, harassing, harming, or abusing Francis X. Moore or his family members in any manner; **(b)** interfering with Francis X. Moore or his family members travel, transportation, or communication; **(c)** following, placing under surveillance, or contacting Moore for the purpose of harassing and intimidating Francis X. Moore or his family members; or **(d)** doing or attempting to do, or threatening to do, any act of injury, maltreating, molesting, harassing, harming, or abusing Francis X. Moore or his family members. There being no just reason for delay, this paragraph of this judgment shall be deemed final pursuant to O.C.G.A. § 9-11-54(b).

IT IS SO ORDERED, ADJUDGED AND DECREED this ___ day of

_____, 2017.

                                                    _____
                                                    The Honorable Daniel M. Coursey
                                                    DeKalb County Superior Court
                                                    Stone Mountain Judicial Circuit

<u>Prepared and presented by</u>:
Francis X. Moore, Esq.
Georgia Bar No. 519120
**Frank X. Moore Law**
730 E 2d Street, Suite 106
Blue Ridge, Georgia 30513
fmoore@fxm-law.com
(706)851-7946

Attorney for FXM, P.C. d/b/a
Frank X. Moore Law

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he has served a copy of the foregoing pleading on opposing counsel by eservice provided by efileGeorgia.com to the following counsel who have agreed to accept service by email by complying with O.C.G.A. § 9-11-5(f)(B):

Curtis J. Romig, Esq.
C. Angelia Duncan, Esq.
Pierce G. Hand, IV
**Bryan Cave LLP**
One Atlantic Center - Fourteenth Floor
1201 W. Peachtree Street, N.W.
Atlanta, Georgia 30309
curtis.romig@bryancave.com
angelia.duncan@bryancave.com
pierce.hand@bryancave.com

Attorneys for PNC Bank, N.A.
& RBC Real Estate Finance, Inc.

John P. Gallagher, Esq.
**John P. Gallagher, P.C.**
2774 North Cobb Parkway
Suite 109, #338
Kennesaw, Georgia 30152
jpglawpc@bellsouth.net

Attorney for Guaranty Capital Group, LLC and William C. Abraham

and by depositing a copy in the U.S. Mail to the following parties who have not consented to receiving eservice from efileGeorgia.com

Fred Milani
2267 Echo Trail, NE
Atlanta, Georgia 30345

F. Skip Sugarman, Esq.
**Bloom Sugarman, LLP**
977 Ponce De Leon Avenue, NE
Atlanta, Georgia 30306-4265

Attorneys for Diamond Island, LLC, Xiangtong Lu, Yueling Lu, and Ruiping Xiao

This 12th day of December, 2017.

_____
Francis X. Moore

## CERTIFICATE OF SERVICE

I hereby certify that service of this pleading will be accomplished by email sent by the undersigned and by Pacer eservice to the following parties at their email address on file with the Court:

M. Denise Dotson, Chapter 7 Trustee
M. Denise Dotson, LLC
PO Box 435
Avondale Estates, GA 30002
ddotsonlaw@me.com

Anna M. Humnicky, Esq.
Cohen Pollock Merlin & Small, P.C.
3350 Riverwood Parkway, Suite 1600
Atlanta, Georgia 30339
ahumnicky@cpmas.com

Charles M. Clapp
Law Office of Charles Clapp, LLC
5 Concourse Parkway N.E. 30th Floor
Atlanta, Georgia 30328
charles@lawcmc.com

and by placing a copy hereof in the U.S. Mail, first class postage prepaid and addressed to the following:

Office of the United States Trustee
362 Richard Russell Building
75 Spring Street, SW
Atlanta, Georgia 30303

This 11th day of January 2019.

730 E 2d Street, Suite 106
Blue Ridge, Georgia 30513
(706) 851-7946

**FRANK X. MOORE LAW**
/s/ *Francis X. Moore*
Francis X. Moore, Georgia Bar No. 519120
fmoore@fxm-law.com

Counsel for FXM, P.C. d/b/a Frank X. Moore Law & Francis (Frank) X. Moore