**IT IS ORDERED as set forth below:**

Date: January 11, 2019



_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| FRED MILANI, | ) | CASE NO. 15-54748-LRC |
| | ) | |
| Debtor | ) | |

## ORDER

Before the Court are Francis X. Moore's Emergency Motion for Extension of Time (the "Emergency Motion") (Doc. 92) and Debtor Fred Milani's Motions to Strike or In the Alternative Extend Time to Respond to Motion (Doc. 87) and To Set Status Conference (Doc. 88).

Debtor initiated this contested matter to determine whether Francis X. Moore and his law firm, Frank X. Moore Law, violated the discharge injunction set forth in 11 U.S.C. § 524 by filing a complaint against Debtor in the Superior Court of Dekalb County, Georgia (the "State Action"). (Doc. 46).

On December 5, 2018, without leave from the Court, Mr. Moore filed a ninety-five-page Motion for Contempt, to Compel Discovery, and for Sanctions (the "Motion for Contempt"). (Doc. 86). Under BLR 7007-1(e), "briefs filed in support of a motion . . . are limited in length to 25 pages."[1] The page limit was adopted to encourage counsel to focus arguments, avoid distractions, and conserve the Court's limited resources. The Court may decline to consider any motion that violates the page limit. BLR 7007-1(h); *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 345 (9th Cir. 1996) (holding that the district court has discretion to disregard briefs filed in circumvention of the page limits).

Not including Mr. Moore's reference and incorporation of a separate nineteen-page motion, the Motion for Contempt is more than three times longer than what BLR 7007-1(e) allows. True to the rule's intent, the substance of Mr. Moore's Motion for Contempt is overshadowed by voluminous excerpts from his complaint in the State Action; discovery requests and responses; and a transcript from the parties' meet and confer. Accordingly, the Motion for Contempt is due to be struck.

Additionally, the Motion for Contempt asks the Court to hold Debtor and his previous counsel, Charles M. Clapp, in contempt for initiating this contested matter. Both Debtor and Mr. Clapp have filed responses challenging the grounds for holding

---

[1] Although BLR 7007-1 is generally not applicable to contested matters, under BLR 7037(c), a motion to compel discovery is subject "to the general motion requirements set forth in BLR 7007-1."

2

them in contempt. A motion for contempt must be supported by clear and convincing evidence that (a) the respondent violated a valid order that was clear, definite, and unambiguous, and (b) that the respondent had the ability to comply with that order. *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000).

In the instant case, the Court has not entered an order that forbade Mr. Clapp or Debtor from initiating this contested matter. Accordingly, Mr. Moore has failed to state a claim that would justify holding Mr. Clapp or Debtor in contempt.

In the Emergency Motion, Mr. Moore asks for additional time to respond to Debtor's Motion to Strike, explaining that he has "been fighting the flu since before Christmas." While the Court is sympathetic to Mr. Moore's health concerns, as an admitted attorney, it is his duty to know and follow the local rules. The time to seek leave to exceed the Court's page limit was before filing the Motion for Contempt.

Turning to Debtor's Motion to Set Status Conference, Debtor explains that due to the parties' discovery disputes and multiple filings, Debtor has spent over $82,000.00 in litigation costs. A status conference may help the parties find an efficient way to resolve their dispute. Accordingly, the Court will hold a status conference to address issues including: Debtor's motion for summary judgment and the parties' discovery disputes.

Therefore, Debtor's Motion to Strike and to Set a Status Conference (Docs. 87, 88) are GRANTED and Mr. Moore's Emergency Motion is DENIED.

3

**IT IS ORDERED** that the parties shall appear before the oversigned for a status conference on **January 31, 2019, at 9:30AM** in COURTROOM 1204, UNITED STATES COURTHOUSE, RICHARD RUSSELL FEDERAL BUILDING, 75 TED TURNER DRIVE, S.W., ATLANTA, GEORGIA 30303.

**IT IS FURTHER ORDERED** that, if Mr. Moore chooses to file a response to Debtor's Motion for Summary Judgment, the response must be filed within fourteen (14) days after the status conference.

**IT IS FURTHER ORDERED** that the filing requirements that govern adversary proceedings, including but not limited to BLR 7007-1, shall apply in this case.

**IT IS FURTHER ORDERED** that Mr. Moore's Motion for Contempt is STRUCK.

**IT IS FURTHER ORDERED** that, to the extent that it asked to hold Debtor and Mr. Clapp in contempt, Mr. Moore's Motion for Contempt is DISMISSED.

**IT IS FURTHER ORDERED** that, if Mr. Moore chooses to refile his Motion for Contempt, the refiled motion shall not exceed twenty-five pages unless he is granted leave to do so.

[END OF DOCUMENT]

**DISTRIBUTION LIST**:

Francis X. Moore
Frank X. Moore Law
730 E 2d Street, Suite 106
Blue Ridge, GA 30513

Anna M. Humnicky, Esq. Benjamin S. Klehr, Esq.
Small Herrin, LLC
Two Paces West, Suite 200
2727 Paces Ferry Road
Atlanta, Georgia 30339

Office of the United States Trustee
362 Richard Russell Building
75 Spring Street, SW
Atlanta, Georgia 30303

M. Denise Dotson, Chapter 7 Trustee
M. Denise Dotson, LLC
PO Box 435
Avondale Estates, GA 30002

Charles M. Clapp
Law Offices of Charles Clapp, LLC 5 Concourse
Parkway NE
Suite 3000
Atlanta, GA 30328

Fred Milani
2267 Echo Trail NE
Atlanta, GA 30345