**IT IS ORDERED as set forth below:**

**Date: September 19, 2019**



_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| FRED MILANI, | : | CASE NO. 15-54748 |
| Debtor. | : | |
| _____ | : | |
| FRED MILANI, | : | CONTESTED MATTER |
| Movant, | : | |
| v. | : | |
| FXM, P.C., and FRANCIS X MOORE, | : | |
| Respondents. | : | |

### ORDER DENYING MOTION TO STRIKE DEBTOR'S MOTION TO SHOW CAUSE FOR VIOLATING THE DISCHARGE INJUNCTION

Before the Court is the Motion to Strike Debtor's Motion to Show Cause for Violating the Discharge Injunction (the "Motion"), filed by Francis X. Moore and his law firm, Frank X. Moore Law (collectively "Moore"). (Doc. 104).

**I. BACKGROUND**

Debtor initiated this contested matter to determine whether Moore violated the discharge injunction set forth in 11 U.S.C. § 524 by filing a complaint (the "Complaint") against Debtor in the Superior Court of Dekalb County, Georgia (the "State Court Action"). (Doc. 46). In the Complaint, Moore alleged that Debtor and his associates engaged in fraud to defeat Moore's statutory lien on Debtor's real property. (Doc. 79-3, at 53). Though the Complaint clarifies that Debtor was only named for the "conduct, transactions or occurrences after March 12, 2015[,]" Debtor asserts that the Complaint seeks to hold Debtor personally responsible for events that occurred before he filed bankruptcy and is, therefore, a violation of the discharge injunction. (Docs. 79-3, 50; 46, 4). Accordingly, on January 3, 2018, Debtor filed a Motion to Show Cause for Violating the Discharge Injunction ("Motion to Show Cause"). (Doc. 46).

On January 11, 2019, the Court entered an Order striking Moore's ninety-five-page Motion for Contempt, to Compel Discovery, and Sanctions. (Doc. 96). In that Order, the Court clarified that "the filing requirements that govern adversary proceedings, including but not limited to BLR 7007-1, shall apply in this case." (*Id.*) Moore now claims that the Motion to Show Cause does not meet the standards set by the Order and should be struck, or in the alternative, Debtor should provide a more definite statement. (Doc. 104).

**II. DISCUSSION**

Moore asks the Court to strike the Motion to Show Cause pursuant to 11 U.S.C. § 105 as a sanction for Debtor's misconduct in this proceeding and for Debtor's failure to

2

comply with Federal Rule of Civil Procedure 7(b), made applicable to this proceeding pursuant to Federal Rule of Bankruptcy Procedure 7007, and BLR 7007-1.

Under § 105, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). A party seeking sanctions under § 105 must present "clear and convincing evidence" that the opposing party engaged in misconduct. *See Jove Eng'g, Inc. v. IRS*, 92 F.3d 1539, 1545 (11th Cir. 1996).

In the Motion, Moore claims that Debtor filed the Motion to Show Cause to "stall and interfere with the 2017 Dekalb Lawsuit and deprive the Superior Court of Dekalb County of jurisdiction over Milani." (Doc. 104, at 6). Moore relies upon "(a) Milani's *in judicio* admissions; (b) Milani's reliance on these proceedings to continue for over 15 months to fail and refuse to provide highly relevant documents and information; (c) the failure by what [Moore has] called an alter ego of Milani, Diamond Island, LLC, and Xiangtong Lu to produce a single document even though they, too, received written discovery in October 2017 . . . ; and (d) the inability or refusal by Milani in his pleadings or in this deposition to point to any specific portion of the Complaint or its amendments which purported to violate his discharge." (Doc. 104, at 6).

Moore has failed to cite to record evidence to support his claim. *Sciortino v. Gwinnett County Dep't of Water Res. (In re Sciortino)*, 561 B.R. 245, 256 (Bankr. N.D. Ga. 2016) ("The Court is entitled to the assistance of the parties in determining the relevant facts and is not required to paw through a mass of documents to determine if the litigant has supported his claim."). Indeed, the only evidence attached to the Motion is a series of

3

electronic mail messages between Moore and Debtor's former counsel, Charles M. Clapp.[1] Those messages do not show that Debtor filed the Motion to Show Cause for an improper purpose. (Doc. 104, at 12-18). For example, responding to Mr. Clapp's request for a copy of the original state court complaint, Moore wrote: "I am surprised that you haven't seen my initial complaint yet. How could you have prepared and filed your motion to reopen the motion for contempt before you read and studied my complaint," to which Mr. Clapp responded, "I have the initial complaint, I just have notes all over it." (Doc. 104, at 16-17). This exchange does not suggest that Debtor filed the Motion to Show Cause for an improper purpose. In the absence of any other citations to evidence that would demonstrate an improper purpose, the Court must deny Moore's request to strike the Motion to Show Cause as a sanction.

Mr. Moore also contends that the Motion to Show Cause is due to be struck for failing to meet the standards set by Federal Rule of Civil Procedure 7(b) and BLR 7007-1. Under Rule 7(b), a motion must "state with particularity the grounds for seeking the order[.]" The purpose of this requirement is to provide the opposing party notice and a meaningful opportunity to respond. *See Registration Control Sys., Inc. v. Compusystems, Inc.*, 922 F.2d 805, 807-08 (Fed. Cir. 1990). Accordingly, the determinative issue is

---

[1] Moore also attached the "Declaration of Francis X. Moore" (the "Declaration") to the Motion. (Doc. 104, at 9). In the Declaration, Moore inquired about the consequences of the Court's January 11, 2019 Order striking Moore's Motion for Contempt, to Compel Discovery, and for Sanctions (Doc. 96). Moore asked to be allowed to "continue to cite those pleadings [the Motion for Contempt, to Compel Discovery, and for Sanctions] for purposes other than a motion to compel; or (b) be given the opportunity to provide a substitute document meeting the requirements of the rules." (Doc. 104, at 11). Although the Court refuses to consider struck material, Moore is free to provide a substitute document in a manner that complies with the federal and local rules, specifically BLR 7007-1.

4

whether any party is prejudiced by the lack of particularity or "whether the court can comprehend the basis for the motion and deal with it fairly." *See id.*; 5 Wright & Miller, *Federal Practice and Procedure* § 1192 (3d ed. 2019).

The Motion to Show Cause satisfies Rule 7(b)'s particularity requirement. In the Motion to Show Cause, Debtor claims that while the Complaint includes language purporting to limit recovery to post-petition conduct, the Complaint "fails to allege any specific [post-petition] actions by Debtor" and that Mr. Moore is actually trying to recover damages for pre-petition conduct in violation of the discharge injunction. (Doc. 46, at 3-5). Debtor has subsequently explained that Moore is attempting to use conclusory language to circumvent the discharge injunction. (Doc. 79-1, at 19). These statements were sufficient to give Moore notice of the theory of recovery behind the Motion to Show Cause.

Indeed, Moore's contention that he has been prejudiced by the vagueness of the Motion to Show Cause is belied by the response he filed on January 12, 2019. (Docs. 100, 105). In his response, Moore contends that the language of the Complaint put Debtor on notice that Moore only sought damages for events that occurred after the Petition Date. (Doc. 100, at 9). Moore's response demonstrates that he understands the basis of the Motion to Show Cause. Because Moore had a meaningful opportunity to respond, the Court will not strike the Motion to Show Cause.[2]

---

[2] Moore has similarly failed to show a need for a more definite statement. Under Federal Rule of Civil Procedure 12(e), made applicable to this proceeding pursuant to Federal Rule of Bankruptcy Procedure 7012, a more definite statement is appropriate when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Given that the Court has already found that the Motion to Show Cause provided Moore adequate notice to prepare a response, an order for a more definite statement is unwarranted.

5

Turning to BLR 7007-1, Moore again fails to establish that he has been prejudiced by any alleged deficiency in the Motion to Show Cause. Pursuant to BLR 7007-1(a), a motion "shall be accompanied by a memorandum of law that cites supporting authority. If allegations of fact not otherwise in the record are relied upon, supporting affidavits must be attached to the memorandum of law." The only arguable defect in the Motion to Show Cause is that, at the time it was filed, the Complaint was not part of the record. Accordingly, the Motion to Show Cause should have attached the Complaint or a supporting affidavit. On the other hand, Moore wrote the Complaint and it was also entered into the record five months before Moore filed a response to the Motion to Show Cause. (Doc. 79-3, at 5). Accordingly, Moore has not been prejudiced by Debtor's initial oversight. In the absence of prejudice and in the interest of judicial economy, the Court declines to strike the Motion to Show Cause for failing to comply with BLR 7007-1. *See Hepp v. Paul Revere Life Ins. Co.*, 2015 WL 4072101, *2 (M.D. Fla. July 2, 2015) (refusing to grant a motion to strike due to technical errors in the absence of prejudice).

### III. CONCLUSION

Moore has failed to cite to record evidence that Debtor has engaged in misconduct that warrants striking the Motion to Show Cause under § 105(a). Additionally, though the Motion to Show Cause contained a technical defect, Moore was able to discern Debtor's theory of recovery and file a response. Accordingly,

**IT IS HEREBY ORDERED** that, to the extent that it is based on Rule 7(b) and BLR 7007-1, the Motion to Strike the Motion to Show Cause is **DENIED**;

**IT IS FURTHER ORDERED** that, to the extent that it is based on Debtor's misconduct, the Court **DEFERS** ruling on the Motion to Show Cause.

**END OF DOCUMENT**

**Distribution List**

**Fred Milani**
2267 Echo Trail NE
Atlanta, GA 30345

**Anna Mari Humnicky**
Small Herrin, LLP
Building Two, Suite 200
2727 Paces Ferry Road
Atlanta, GA 30339

**M. Denise Dotson**
M. Denise Dotson, LLC
P.O. Box 435
Avondale Estates, GA 30003

**Francis X. Moore**
Frank X. Moore Law
730 E 2d Street, Suite 106
Blue Ridge, GA 30513