**IT IS ORDERED as set forth below:**

**Date: September 19, 2019**



_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| FRED MILANI, | ) | CASE NO. 15-54748-LRC |
| | ) | |
| Debtor | ) | |

### ORDER DENYING MOTION FOR RELIEF FROM ORDER ENTERED JANUARY 11, 2019

Before the Court is the Motion for Relief from Order Entered January 11, 2019 (the "Motion to Reconsider", Doc. 98), filed by Francis X. Moore and FXM, P.C. ("Moore"). The Motion to Reconsider arises out of the Motion for Entry of an Order Compelling Frank X. Moore to Appear and Show Cause as to Why He Should Not be Held in Contempt for Violation of the Discharge Injunction (the "Motion to Show Cause"), filed by Fred Milani ("Debtor").

## I. BACKGROUND

In the Motion to Show Cause, Debtor asserted that Moore violated the discharge injunction set forth by 11 U.S.C. § 524 when he filed a complaint (the "Complaint") against Debtor in the Superior Court of Dekalb County, Georgia (the "State Court Action"). (Doc. 46). On December 5, 2018, without leave from the Court, Moore filed a 95-page Motion for Contempt, to Compel Discovery, and for Sanctions (the "Motion"). (Doc. 86). On December 12, 2018, Debtor asked the Court to strike the Motion because it exceeded the page limit imposed by BLR 7007-1(e) without leave from the Court. (Doc. 88). On January 13, 2019, Moore filed an Emergency Motion for Extension of Time to Respond to the Motion to Strike (the "Emergency Motion"), seeking additional time to file a response because he had been sick with the flu. (Doc. 92, at 3-4).

The Court granted Debtor's Motion to Strike on January 11, 2019 (the "Order"). (Doc. 96). Additionally, the Court dismissed the Motion for failure to state a claim to the extent that it asked to hold Debtor and his previous counsel, Charles M. Clapp, in contempt. (Doc. 96). The Court reasoned that the Motion failed to state a claim for contempt because there was no clear order prohibiting Debtor or Mr. Clapp from filing the Motion to Show Cause. (Doc. 96, at 3 (citing *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000)). The Court also

denied Moore's Emergency Motion, explaining that "[t]he time to seek leave to exceed the Court's page limit was before filing the Motion." (Doc. 96, at 3). Moore now seeks reconsideration of the Order.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 60(b), made applicable to bankruptcy cases by operation of Federal Rule of Bankruptcy Procedure 9024, "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." Relief is not granted as a matter of course, and the movant must show exceptional circumstances. *See Mathis v. Mathis (In re Mathis)*, 465 B.R. 325, 331 (Bankr. N.D. Ga. 2012).

In this case, Moore asserts that the Court erred by (1) dismissing the Motion to the extent it sought to hold Debtor and Mr. Clapp in contempt; (2) striking the Motion for exceeding the page limit; and (3) entering the Order without giving Moore additional time to respond to Debtor's motion to strike. As explained below, Moore has shown no basis for reconsideration, as the Court properly dismissed the Motion for failure to state a claim for contempt and the did not err in striking the Motion without giving Moore additional time to respond.

First, as noted above, the Order dismissed the Motion only to the extent it sought to hold Debtor and Mr. Clapp in contempt because there was no clear order

3

prohibiting Debtor or Mr. Clapp from filing the Motion to Show Cause. In the Motion to Reconsider, Moore has clarified that the Motion sought to hold Debtor and Mr. Clapp in contempt for their behavior throughout the history of this case, rather than for filing the Motion to Show Cause. Moore argues that the Court may sanction a party for his bad faith misconduct, even in the absence of a court order. The Court does not disagree with this basic legal principle. Though the two powers overlap in the type of relief they afford, the power to hold a party in contempt of its order and to impose sanctions for bad faith conduct are not interchangeable. They have unique standards and address different misconduct. *See Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1196 (9th Cir. 2003) ("We do discern a difference [between the power to hold a party in contempt and impose sanctions]."[1]

But Debtor did not ask the Court to dismiss a claim for sanctions for bad faith conduct under the Court's inherent power, and the Order had no impact on any such claim Moore may choose to assert. The fact that the Motion may state a claim for sanctions under the Court's inherent authority is not a valid basis for the Court to reconsider its dismissal of a claim for contempt based on a violation of an order of the Court.

---

[1] Courts have, likewise, not been consistent when discussing the power to impose sanctions and the power to hold a party in contempt. *See, e.g., Havelock v. Taxel (In re Pace)*, 159 B.R. 890, 904 (9th Cir. BAP 1993) ("Although the court in [*Johnson Envtl. Corp. v. Knight (In re Goodman)*, 991 F.2d 613 (9th Cir.1993)] . . . refer[red] in common parlance to 'contempt' for violation of the automatic stay, what is clearly meant is sanctionable conduct.").

4

Further, Moore has not demonstrated that the Order improperly dismissed such a claim.  To hold a party in contempt, the movant must establish by clear and convincing evidence that: "(1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Georgia Power Co. v. N.L.R.B.*, 484 F.3d 1288, 1291 (11th Cir. 2007); *see also Int'l Longshoremen's Ass'n, Local 1291 v. Philadelphia Marine Trade Ass'n*, 389 U.S. 64 (1967) ("The judicial contempt power is a potent weapon.  When it is founded upon a decree too vague to be understood, it can be a deadly one."); *Baddock v. Villard (In re Baum)*, 606 F.2d 592, 593 (5th Cir. 1979) (finding that a notice vacating a deposition could not support a finding of contempt by an attorney who subsequently took the deposition,as the order was not a direction that the deposition not take place, nor was it specifically addressed to the lawyer who was ultimately held in contempt).

In the Motion to Reconsider, Moore contends that the Court's Meet and Confer Order entered on March 29, 2018, ("Meet and Confer Order") serves as the basis for a finding of contempt.  Ignoring the fact that the Meet and Confer Order was not directed at Debtor or Mr. Clapp, much of the misconduct that Moore complains of in the Motion took place before the Meet and Confer Order was entered.  Indeed, by March 29, 2018, Anna Mari Humnicky had been substituted for Mr. Clapp as Debtor's counsel in this case.  (*See* Doc. 64).  Though Moore does

5

complain about Ms. Humnicky's behavior during the meet and confer session and her subsequent responses to Moore's discovery requests, the Motion does not ask that the Court hold Ms. Humnicky in contempt. Because it was issued after the behavior complained of in the Motion, the Meet and Confer Order cannot serve as a basis for holding Debtor and Mr. Clapp in contempt.

Second, Moore argues that the Court erred in striking the Motion because it was not subject to the page limit imposed by BLR 7007-1(e) and because enforcing BLR 7007-1(e) and striking the Motion was an abuse of discretion. In the Order, the Court explained that while "BLR 7007-1 is generally not applicable to contested matters," Moore sought relief under Federal Rule of Civil Procedure 37, made applicable to this proceeding by operation of Federal Rule of Bankruptcy Procedure 7037. (Doc. 96, at 2 n.1). Under BLR 7037-1, "[m]otions to compel and responses thereto are subject to the general motion requirements set forth in BLR 7007-1." BLR 7037-1(c). Therefore, a motion to compel discovery is subject to the 25-page limit on motions pursuant to BLR 7007-1(e), but, at the time of the filing of the Motion, all other motions were not subject to the page limitations.[2]

Moore now insists that the Motion was purely a motion for contempt and that compelling discovery was simply part of the requested relief. (Doc. 98, at 14). In

---

[2] In the Order, the Court subsequently ordered that, for all future filings, including motions for contempt, "the filing requirements that govern adversary proceedings, including but not limited to BLR 7007-1, shall apply in this case." (Doc. 96, at 4).

6

support of his construction, Moore points to the fact that the Court refers throughout the Order to the Motion as the "Motion for Contempt." (Doc. 98, at 14). The Court defined the Motion as the "Motion for Contempt" as a matter of convenience and a stylistic choice. It was not a comment on the substance of the Motion.

The Court also disagrees with Moore's characterization of the Motion as purely a motion for contempt that sought discovery as part of the requested relief. While holding Debtor and Mr. Clapp in contempt may have been a large part of the Motion, the Motion was also a request to compel discovery under Rule 37. In the Motion, Moore repeatedly sought relief under Rule 37 and made no mention of the Court's inherent power. (Doc. 96, at 92). *Cf. In re Brican Am. LLC Equip. Lease Litig.*, 977 F. Supp. 2d 1287, 1292 (S.D. Fla. 2013) (finding that the motion was not subject to the 30-day filing requirement on discovery-related motions because the motion was not based on a violation of the discovery rules). Compelling discovery by operation of Rule 37 is an easier standard to meet, as it does not require a showing of bad faith or willfulness. Yet, by choosing this standard, Moore subjected the Motion to the requirements of BLR 7037-1(c) and, in turn, the page limitations imposed by BLR 7007-1(e). The fact that the Motion also sought other relief does not exempt it from the local rule applicable to motions to compel discovery.

Moore also claims that striking the Motion was an abuse of discretion. Local rules "have the force of law," *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010), and

7

"are designed to help the court identify and organize the issues in the case," *see Fils v. City of Aventura*, 647 F.3d 1272, 1282–83 (11th Cir. 2011) (internal quotation omitted). Although a court may ignore a violation of its local rules, it is under no obligation to do so. *Fils*, 647 F.3d at 1282-83; *see also Reese v. Herbert*, 527 F.3d 1253, 1270 (11th Cir. 2008). Courts frequently strike or ignore filings that violate similar page restrictions. *See, e.g., Porter v. Collecto, Inc.*, 2014 WL 2612317, at *1 (S.D. Fla. June 11, 2014); *United States v. Solomons*, 2007 WL 2904144, at *1 (S.D. Fla. Oct. 3, 2007) (refusing to consider filings to the extent they exceeded local filing limits); *see also* BLR 7007-1(h) ("The Bankruptcy Court, in its discretion, may decline to consider any motion or brief that fails to conform to the requirements of these Rules."). In *Porter*, for example, the court struck a brief that was "nearly double the maximum permitted length." *Porter*, 2014 WL 2612317, at *1. The court reasoned that striking the brief was an appropriate deterrent to future violations, explaining that the plaintiff could have sought leave to exceed the page limitation, but chose not to do so, and "must bear the consequences of his decision." *Id.*

Normally, the Court would be reluctant to strike a filing that contained minor violations of the local rules. However, the Motion was over three times the permitted length allowed under BLR 7007-1(e) and is a substantial violation. Moore was free to file two separate motions, which may have allowed him to meet the page limit.

In fact, had Moore sought leave from the Court to exceed the page limit for filing a combined motion, the Court may have recommended that course of action. Given that Moore made no effort to comply with the local rules, striking the Motion will deter future violations.

Additionally, as it stands, the Motion is a long, drawn-out request that clearly demonstrates the need for a page limitation. Page limitations encourage the parties to focus arguments, avoid unnecessary distractions, and conserve limited judicial resources. Though the history of this case necessarily requires a great deal of explanation, over thirty pages of the Motion are quotations from other documents, including a seven-page excerpt from the Complaint, and six pages of discovery requests and responses of parties that are not before the Court.[3] (Doc. 86, at 21-28, 44-50). Because it includes excessive quotations that are not essential to Moore's claims, the Motion was properly struck.

Finally, Moore argues that the Order should be vacated because the Court refused to grant him additional time to respond to Debtor's motion to strike. Moore asserts that there was no deadline to respond to the motion to strike and if there was,

---

[3] Moore alleges that Xiangtong Lu and Diamond Island, LLC's behavior during discovery in the State Court Action mimics Debtor's behavior in this case and is, therefore, evidence of a post-petition conspiracy. (Doc. 86, 43-50). Ignoring whether blanket denials are proof of a conspiracy or just bad lawyering, Moore did not need six pages of requests and responses to make his point. Ironically, in his response to the Motion to Strike, which was filed after the Order was entered, Moore claims that he included all of the excerpts "for the convenience of the Court" and suggests that the Court "may wish to skim some of the imbedded excerpts." (Doc. 97, at 8). The Court does not "skim" motions. Whatever time would have been saved in not having to click on properly cited attachments is undoubtedly surpassed by the time the Court spent reading the largely repetitive quotations.

9

the Court should have granted the Emergency Motion. Yet, the Court is not required to grant leave to parties to pursue matters when doing so would be futile, *see Cockrell v. Sparks,* 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant."), and, based on the arguments raised in the Motion to Reconsider, giving Moore additional time to respond would have made no difference to the outcome. The Motion itself violated the local rules and was, therefore, subject to being struck as soon as it was filed.

### III.  CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the Motion for Reconsideration (Doc. 98) is **DENIED**;

**IT IS FURTHER ORDERED** that, as requested by the parties at a status conference held on January 31, 2019, the parties shall appear before the oversigned for a further status conference on **October 24, 2019, at 10:30 AM** in COURTROOM 1204, UNITED STATES COURTHOUSE, RICHARD RUSSELL FEDERAL BUILDING, 75 TED TURNER DRIVE, S.W., ATLANTA, GEORGIA 30303.

**END OF DOCUMENT**

**DISTRIBUTION LIST**:

Francis X. Moore
Frank X. Moore Law
730 E 2d Street, Suite 106
Blue Ridge, GA 30513

Anna M. Humnicky, Esq.
Benjamin S. Klehr, Esq.
Small Herrin, LLC
Two Paces West, Suite 200
2727 Paces Ferry Road
Atlanta, Georgia 30339

Fred Milani
2267 Echo Trail NE
Atlanta, GA 30345

Office of the United States Trustee
362 Richard Russell Building
75 Spring Street, SW
Atlanta, Georgia 30303

M. Denise Dotson, Chapter 7 Trustee
M. Denise Dotson, LLC
PO Box 435
Avondale Estates, GA 30002