**IT IS ORDERED as set forth below:**

**Date: November 17, 2021**



_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | * | CASE NUMBER | |
| | * | | |
| FRED MILANI, | * | 15-54748-LRC | |
| | * | | |
| | * | PROCEEDINGS UNDER | |
| | * | CHAPTER 7 OF THE | |
| Debtor | * | BANKRUPTCY CODE | |

## ORDER

Before the Court is the *Motion to Extend Time to Conduct Meet & Confer and File Status Report* (Doc. 174, the "Motion"), filed by Fred Milani ("Debtor"). The Motion arises in connection with a *Motion for Entry of an Order Compelling Frank X. Moore to Appear and Show Cause as to Why He Should Not be Held in Contempt for Violation of the Discharge Injunction* (Doc. 46, the "Contempt Motion"), filed

by Debtor against Francis X. Moore and FXM, P.C. (collectively, "Moore"). Moore opposes the Motion (Docs. 178, 179, 182, 183, & 185, the "Opposition").

On September 10, 2021, the Court entered an Order on Moore's *Motion to Compel Discovery* (the "Order," Doc. 172). In the Order, the Court directed the parties to meet and confer within thirty days from the date of the entry of the Order and to file a joint status report within forty-five days of the date of the entry of the Order. On October 6, 2021, Debtor filed the Motion, requesting an extension of these deadlines to permit Debtor an opportunity to obtain separate counsel for certain entities that Debtor's counsel believes may have an obligation under the Order to respond to discovery. Debtor's counsel contends that the amended discovery requests served by Moore in January 2021 broadened the definition of "you" in a manner that requires any entity controlled by Debtor to produce documents and answer interrogatories (the "Entities").

In the Opposition, Moore argues that Debtor has failed to provide any additional documents since the entry of the Order, has not been making a good faith effort to meet and confer, and the request for an extension of the deadline imposed in the Order is a delay tactic. Specifically, Moore argues that the original discovery served on Debtor in a prior state court suit placed Debtor on notice as early as 2017 that discovery responses were sought from any entity in which Debtor has a legal interest. Additionally, Moore points to the discovery served in this Court beginning

in 2018, which "included virtually the same definitions," and notes that, as early as March 2021, Debtor's counsel acknowledged to Moore that she understood the "scope of discovery extended to Debtor and his affiliates, writing '[m]y office completed the review of phone records for Mr. Milani *and his associated entities* for the time period March 12, 2015 through January 2021 . . . .'" Accordingly, Moore contends that Debtor's reliance on the "eleventh hour 'expanded definition' excuse" was "disingenuous and designed to obstruct, hinder, delay, distract, annoy and burden" Moore. Moore also takes issue with Debtor's refusal to agree to sit for another deposition until counsel has been obtained by the entities and the Court has ruled further on the need to produce additional documents and answer additional interrogatories. Moore suggests that the only way forward is for the Court to schedule an evidentiary hearing.

Moore also filed his own status report, which details Debtor's current responses to Moore's requests. In the status report, Moore complains that the phone records produced are heavily redacted and again suggests that the only way to resolve the issues between the parties is to conduct an evidentiary hearing regarding discovery. Moore also provides a summary of communications between Debtor's counsel and Moore that reveals a dispute between the parties as to whether the Court ordered Debtor to respond to the discovery for which the Court did not sustain Debtor's objections or, instead, whether Debtor is free to abstain from doing so while

he considers propounding further objections or filing a motion for a protective order. These communications also suggest that Debtor believes an evidentiary hearing would be premature, as Debtor intends to respond further to the discovery now that separate counsel represents the Entities.

Moore suggests that the Court should have held an evidentiary hearing regarding the discovery dispute prior to ruling on Moore's Motion to Compel. However, after considering the nature of the Motion to Compel and the lack of specificity therein, the Court found it appropriate to rule on the Motion to Compel without a hearing. Frankly, given the lack of progress at past hearings and status conferences held in this case, the Court did not believe a hearing would be helpful until the Court could further narrow the legal issues.

In Moore's sur-reply and second sur-reply, Moore asserts that the "addition of a separate attorney for Debtor's affiliates/co-conspirators is yet another ruse designed to prolong and expand his obstreperous tactics." Moore's third sur-reply reports that, as of November 12, 2021, "Debtor still has not: (1) provided any additional information; (2) provided any additional documents; (3) provided any additional phone records; or (4) provided any responses to the 3 interrogatories selected by Respondents."  Moore also updates his previous sur-replies with a "compilation of the substantive emails by and between counsel during the period

from November 4, 2021 through . . . November 12, 2021," and a complete transcript of the October 4, 2021, meet and confer session.

In reply, Debtor and the Entities state that, since the filing of the Motion, on October 6, 2021, on or about October 13, 2021, Debtor retained separated counsel for the Entities as it relates to the discovery requests and disputes and notified Moore of such on October 18, 2021. Debtor's counsel asked Moore for suggested dates to schedule a continued meet and confer to discuss the items which Debtor's counsel could not cover on October 4, 2021, but Moore declined to provide dates and has indicated that he would not meet with again counsel for Debtor until Debtor "complies" with the Order. Debtor insists that the Order contained no deadline for him to respond to additional discovery and that, in the Order, the Court indicated it was willing to consider further arguments, articulation of existing objections, new objections and/or motion(s) for protective order(s). Additionally, Debtor contends that Moore is expecting Debtor to respond to discovery requests for which the Court sustained Debtor's objections and ruled were outside the current scope of discovery. In their response, Debtor and the Entities "apprise the Court of their intentions regarding supplementing the discovery responses and the document production given the Court's direction in the [Order], as well as respond to the other limited topics raised by" Moore. At the conclusion of the response, Debtor requests that the Court grant the Motion and extend the deadlines set in the Discovery Order for a

period of 30 days from the entry of an order on the Motion. In fact, Debtor and the Entities apparently made an additional response to Moore's requests on November 12, 2021. *See* Doc. 187.

The Court has reviewed the email exchanges attached to the Opposition. It certainly appears to the Court that Debtor's counsel attempted to cooperate with Moore and that any delay was justified by the need for Debtor's counsel to digest the Order, which was rather lengthy and detailed. On September 20, 2021, Debtor's counsel offered to produce additional phone records once Moore provided a list of individuals and entities to be searched for and offered to answer three additional interrogatories once identified by Moore. Debtor's counsel also agreed to meet and confer, and did so on October 4, 2021, for at least four hours. The Court did not expect that Debtor would immediately produce documents or respond to interrogatories to which Debtor continued to have objections and anticipated filing a motion for a protective order. The Court had the overly optimistic hope that Debtor would quickly produce and respond to any non-objectionable items and that the parties would meet and confer and narrow the scope of the discovery over which such a motion would have to be filed. Therefore, the Court did not give a deadline for production or responses but, instead, imposed a deadline for the meet and confer and the filing of a status report that it had hoped would move these matters along.

Having considered the voluminous papers filed in this matter, the Court concludes that allowing additional time for Debtor's counsel and counsel for the Entities to complete their review of the Order, make whatever additional production can be made, and file a motion for a protective order seems more likely to advance this case than having an evidentiary hearing at this time. Once these actions have been taken, the Court will hold a scheduling conference to schedule an evidentiary hearing.

Accordingly,

IT IS ORDERED that the Motion is GRANTED;

IT IS FURTHER ordered that Debtor shall complete his review of the Order, make additional responses as appropriate, and, if necessary, file a motion for a protective order on or before January 21, 2022.

## END OF DOCUMENT

**DISTRIBUTION LIST**:

Francis X. Moore
Frank X. Moore Law
730 E 2d Street, Suite 106
Blue Ridge, GA 30513

Anna M. Humnicky, Esq.
Benjamin S. Klehr, Esq.
Small Herrin, LLC
Two Paces West, Suite 200
2727 Paces Ferry Road
Atlanta, GA 30339

Fred Milani
2267 Echo Trail NE
Atlanta, GA 30345

M. Denise Dotson, Chapter 7 Trustee
M. Denise Dotson, LLC
PO Box 435
Avondale Estates, GA 30002